**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A.S., DBA Good Job Games, | No.   20-16123 |
| | D.C. No. 3:19-cv-07916-EMC |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| SAYGAMES, LLC, a Belarusian Business Entity, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted July 27, 2021
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

Good Job Games ("GJG"), a Turkish company, appeals the district court's

dismissal of its complaint against SayGames, LLC ("SayGames"), a Belarusian

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

company, for lack of personal jurisdiction, in California and the United States. GJG also appeals the district court's denial of its request for leave to conduct jurisdictional discovery. We have jurisdiction under 28 U.S.C. § 1291. Because the district court dismissed on jurisdictional grounds, it did not substantively consider the issue of discovery.

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal citation omitted).

In requesting leave to conduct jurisdictional discovery, GJG presented proposed interrogatories and requests for production. GJG sought specific information from SayGames, including the downloads of, revenue derived from, and distribution agreements regarding *Cannon Shot!* in the United States; SayGames' efforts to advertise, market, license, commercialize, or profit from *Cannon Shot!* in the United States; and SayGames' ability to engage in country-specific distribution of *Cannon Shot!,* including the ability to choose distribution in the United States. In a number of our recent decisions regarding personal jurisdiction and Internet-based companies, we have made significant reference to the type of information that GJG seeks in discovery. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210–11 (9th Cir. 2020); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230 (9th

Cir. 2011); *see also Ayla, LLC v. Ayla Skin Pty. Ltd.*, 11 F. 4th 972, 980–83 (9th Cir. 2021).

The question of jurisdiction in the Internet age is not well-settled. Because the record is insufficiently developed to resolve personal jurisdiction, and because "further discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction," *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003), we reverse and remand for jurisdictional discovery.

**REVERSED and REMANDED.**